Case 4:24-cv-01448   Document 24   Filed on 10/09/24 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
October 09, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRADLEY THOMAS BOONE, *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION NO. 4:24-CV-1448 |
| KELLY MATTHEWS, SOCIAL SECURITY ADMINISTRATION ADMINISTRATIVE LAW JUDGE, *Defendant*. | § § § § § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff, proceeding pro se and in forma pauperis, filed a Complaint against Administrative Law Judge Kelly Matthews asserting violations of his constitutional rights in connection with the ALJ's unfavorable ruling on reconsideration of his application for Social Security disability benefits and supplemental security income benefits.[1]  ECF 1.  Pending before the Court is Defendant ALJ Matthews's Motion to Dismiss.  ECF 14.  Having considered the parties' submissions and the law, the Court recommends that Defendant's Motion to Dismiss be GRANTED.

**I.     Background**

In May 2019, Plaintiff Bradley Thomas Boone filed an appeal of the Social Security Commissioner's denial of his application for Social Security benefits.

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and the Cost and Delay Reduction Plan under the Civil Justice Reform Act.  ECF 4.

*Boone v. Berryhill*, Civil Action No. 3:19-cv-00175.  United States District Judge Jeffrey Brown adopted the recommendation of United States Magistrate Judge Andrew Edison, reversing the decision of the Commissioner and remanding the case to the Social Security Administration for "reconsideration consistent with this opinion." *Id.* at ECF 20.  After the remand, the assigned ALJ, Judge Kelly Matthews, held another hearing on November 3, 2020.  On December 17, 2020, Judge Matthews issued a decision finding Plaintiff was not disabled and denying his application for benefits.

In October 2021, Plaintiff filed a Complaint against Social Security Commissioner Andrew Saul, Administrative Law Judge Kelly Matthews, and the Social Security Administration appealing the second denial and asserting violations of his constitutional rights due to denial of his applications for benefits.  *Boone v. Saul et al.*, Civil Action No. 3:21-cv-00279 at ECF 1.  The parties mutually consented to the jurisdiction of Magistrate Judge Edison, who granted the Commissioner's Motion for Summary Judgment and dismissed Plaintiff's constitutional and other claims.  *Id.* at ECF 32.  Plaintiff appealed Judge Edison's decision.  *Id.* at ECF 34.  The Fifth Circuit affirmed the district court's decision granting summary judgment and affirming the benefits decision and further found that Plaintiff's remaining contentions were outside the scope of review and "in any

event, meritless." *Id.* at ECF 45 (December 29, 2023 per curiam decision in Appeal No. 23-40401).

On April 18, 2024, Plaintiff filed this federal action against Administrative Law Judge Kelly Matthews asserting a violation of his civil rights. ECF 1. Plaintiff appears to believe that Judge Jeffrey Brown's April 2020 opinion reversing the ALJ's decision and remanding the case to the Social Security Administration was not a remand, but rather a final ruling in his favor on his disability application. Therefore, Plaintiff believes Judge Matthews had no right to hold a second hearing and again find him not disabled. *See* ECF 1. Defendant Judge Matthews moves to dismiss this case based on absolute judicial immunity and because this case is frivolous and subject to dismissal under 28 U.S.C. § 1915(e). ECF 14.

## II. Rule 12(b)(6) Standards[2]

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

---

[2] A case against ALJ Matthews, a federal official, in her official capacity would be barred by sovereign immunity and subject to dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction because the federal government has not waived its sovereign immunity for § 1983 actions. *Hoffman v. U.S. Dep't of Hous. & Urb. Dev.*, 519 F.2d 1160, 1165 (5th Cir. 1975) (holding that "a federal agency is . . . excluded from the scope of section 1983 liability"); *Zhang v. Allen*, No. 3:22-CV-02904-S (BT), 2023 WL 9850877, at *2 (N.D. Tex. Nov. 7, 2023) (holding that a federal agency is not a person for purposes of § 1983), report and recommendation adopted, No. 3:22-CV-2904-S-BT, 2024 WL 847021 (N.D. Tex. Feb. 27, 2024). The Court interprets the Complaint as asserting a claim against ALJ Matthews in her individual capacity and thus considers the Motion to Dismiss under Rule 12(b)(6) standards. *See Morrison v. Walker*, 704 F. App'x 369, 372 (5th Cir. 2017) (noting that a Motion to Dismiss based on judicial immunity is properly considered under Rule 12(b)(6)).

*Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 48 F.3d 68, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion. If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment. *See* FED. R. CIV. P. 12(d). However, the court may take judicial notice of public documents, and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and central to the plaintiffs' claims. *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011). In this case, the Court takes judicial notice of filings and rulings in the

prior cases in the Southern District of Texas, *Boone v. Berryhill*, Civil Action No. 3:19-cv-00175 and *Boone v. Saul et al.*, Civil Action No. 3:21-cv-00279, as well as the Fifth Circuit's Order in Appeal No. 23-40401.

### III. Analysis

#### A. Judicial Immunity Standards

"A judge generally has absolute immunity from suits for damages." *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221 (5th Cir. 2009) (citing *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991)). There are only two situations in which judicial immunity may be overcome: (1) the complained of action was not taken in a judicial capacity; or (2) the action was taken "in the complete absence of all jurisdiction." *Id.* In the Fifth Circuit, district courts generally consider four factors to determine whether a Judge acted in a judicial capacity: (1) was the act a "normal judicial function;" (2) did the act occur in a court room; (3) did the act relate to a pending case; and (4) did the act arise "directly out of a visit to the judge in his official capacity." *Daves v. Dallas Cnty., Texas*, 22 F.4th 522, 539 (5th Cir. 2022) (citations omitted). Allegations of bad faith or malice do not overcome judicial immunity. *Davis*, 565 F.3d at 221.

#### B. ALJ Matthews is protected by absolute judicial immunity in this case.

Here, Plaintiff accuses ALJ Matthews of holding an illegal hearing on his applications for Social Security benefits. Without question, the ALJ's actions

occurred in in the context of her judicial capacity. Plaintiff argues instead that ALJ Matthews acted in the total absence of jurisdiction because Judge Brown's opinion in Case No. 19-cv-0175 reversing the Commissioner's July 18, 2018 decision, is a final decision on the merits of his disability application because the Commissioner did not file objections to the Magistrate Judge's Memorandum and Recommendation within 14 days, and the Commissioner did not appeal to the Fifth Circuit. *See, e.g.,* ECF 20 at 2. Plaintiff is mistaken.

First, Magistrate Judge Edison's Memorandum and Recommendation expressly recommended "the decision of the ALJ be **REVERSED** and the case be **REMANDED** to the Commissioner for reconsideration in accordance with this opinion." Civil Action No. 3:19-cv-00175, ECF 19 at 8. District Judge Brown adopted the Memorandum and Recommendation in full, specifically citing the language above. *Id.* at ECF 20. The Final Judgment in 3:19-cv-00175 was a Final Judgment as to the appeal in the Southern District of Texas of the Commissioner's July 18, 2018 decision. ECF 21. The opinion remanding the case for further consideration consistent with the opinion does not constitute a final adjudication of Plaintiff's disability applications. The opinion simply remanded the case to the Social Security Administration for further consideration.

Second, Plaintiff has already fully adjudicated the claims he brings in this case in Civil Action No. 3:21-cv-00279. In that case, the district court ruled not only on

6

Plaintiff's appeal of the merits of the ALJ's second unfavorable decision, but also rejected his due process claims, his claims of criminal violations, and his claims for all violations of his constitutional rights. Civil Action No. 3:21-cv-00279, ECF 32 at 12-13. Plaintiff appealed the district court's rulings, and the Fifth Circuit affirmed the district court. *Boone v. O'Malley*, Appeal No. 23-40401, December 29, 2023 per curiam opinion. There is no merit to Plaintiff's contention that ALJ Matthews lacked jurisdiction to act on his application for Social Security benefits.

Third, given that this is Plaintiff's second attempt to pursue these claims that are clearly barred by judicial immunity, the Court agrees that this case is frivolous. Therefore, the Court is authorized to dismiss this case pursuant to 28 U.S.C. § 1915(e)(2), which requires this Court to dismiss a case in which the plaintiff is proceeding without paying fees if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B); *Neuens v. Biden*, No. 7:23-MC-152, 2023 WL 10669795, at *1 (S.D. Tex. Oct. 20, 2023), report and recommendation adopted, 2024 WL 1394519 (S.D. Tex. Mar. 29, 2024).

## IV. Conclusion and Recommendation

For the reasons discussed above, the Court RECOMMENDS that Defendant's Motion for Summary Judgment (ECF 14) be GRANTED and this be dismissed with prejudice.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on October 09, 2024, at Houston, Texas.

*Christina A. Bryan*
Christina A. Bryan
United States Magistrate Judge